NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HUSSEIN ELKORDY,** : | |
| : | Civil Action No. 15-6180 (JMV) |
| **Plaintiff,** : | |
| : | |
| v. : | OPINION AND ORDER |
| : | |
| **DECAMP BUS LINES, et al.,** : | |
| : | |
| **Defendants.** : | |

**CLARK, Magistrate Judge**

Currently pending before the Court is Plaintiff Hussein Elkordy's ("Plaintiff") Motion for Leave to File a First Amended Complaint. [Docket Entry No. 27]. Defendants Decamp Bus Lines and Nekoda Clarke (hereinafter collectively referred to as "Defendants") oppose Plaintiff's motion. [Docket Entry No. 28]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to this motion. The Court considers this motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons set forth more fully below, Plaintiff's Motion for Leave to File a Third Amended Complaint is **GRANTED**.

**I.  BACKGROUND**

By way of background, this action relates to claims of discrimination Plaintiff allegedly faced while riding a bus owned and operated by DeCamp Bus Lines, driven by Nekoda Clarke. [Docket Entry No. 1]. Specifically, Plaintiff alleges that on April 19, 2015, after boarding the No. 66 Bus from Montclair to New York City, Ms. Clarke told Plaintiff to move to the back of the bus for no apparent reason. [*Id.*] Then, on May 10, 2015, Ms. Clarke refused to accept Plaintiff's bus

1

ticket by hand, having him deposit the ticket in a paper bag. [*Id.*] No other passengers were required to do this. Ms. Clarke demanded that Plaintiff do this again on June 21, 2015. [*Id.*] When Plaintiff refused, Ms. Clarke pulled the bus over and contacted the Port Authority Bus Terminal Police. [*Id.*] Ms. Clarke then filed a criminal complaint for harassment against Plaintiff in the Montclair Municipal Court stemming from the events of June 21, 2015. [*Id.*] Those charges were dismissed by the Montclair Municipal Court on August 13, 2015. [Docket Entry No. 1].

Based on these allegations, Plaintiff filed his Complaint on August 13, 2015, alleging claims for malicious prosecution and discrimination under 42 U.S.C. § 1981(b), Title VI of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000(d), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq*. Plaintiff now seeks to amend his Complaint to add additional information regarding the events of April 19, 2015 and May 10, 2015. [Docket Entry No. 27-3]. Notably, Plaintiff claims that in addition to having to place his bus ticket in a paper bag, Ms. Clarke muttered the phrase "arab shit" under her breathe. Plaintiff also seeks to add additional allegations and claims for retaliation related to events which took place on July 24, 2016. [*Id.*]. According to Plaintiff, while waiting alone at the No. 66 bus stop, the No. 66 bus slowed down near the stop, and then sped off without picking him up. [*Id.*] Plaintiff alleges that the bus was operated by Ms. Clarke on that date. [*Id.*]

Defendants oppose Plaintiff's motion on several bases. First, Defendants argue that Plaintiff's claims for retaliation are futile because Plaintiff cannot prove that missing a bus once constitutes actionable retaliation and/or provide a factual basis that Ms. Clarke did not stop the bus for him in order to retaliate against him. Second, Defendants argue that Plaintiff could have amended his Complaint earlier to include the allegation regarding Ms. Clarke's uttering of the phrase "arab shit."

## II. LEGAL STANDARD

Pursuant to FED. R. CIV. P. 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Delay alone is insufficient to deny a request for leave to amend, *see Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d. Cir. 1984), but the moving party "must demonstrate that its delay in seeking to amend is satisfactorily explained." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotations omitted). Courts will deny a request for leave to amend where delay becomes undue, such as when its accommodation creates an "unwarranted burden on the court…[and] unfair burden on the opposing party." *Adams v. Gould*, 739 F.2d 858 at 868.

Prejudice will be considered "undue" when it rises to such a level that the non-moving party would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence…" *Harrison*, 113 F.R.D. at 468 (internal quotations omitted). In evaluating the extent of any alleged prejudice, the court looks to the hardship on the non-moving party if the amendment were granted. *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). "Specifically, [courts] have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or theories." *Cureton*, 252 F.3d at 273. The

court of appeals has stated that "prejudice to the non-moving party is the touchstone for the denial of…amendment." *See Cornell & Co. v. Occupational Safety and Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978); *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).

### III. DISCUSSION

At the outset, Defendants argue that Plaintiff's proposed claims for retaliation are futile because they do not constitute actionable retaliation and/or lack a factual basis. Based on the nature of the futility analysis, Defendants' arguments in opposition to the motion to amend would overlap significantly with the arguments made in support of a motion to dismiss. The Court, in its discretion, will not consider these arguments in connection with its review of the motion for leave to amend. *See In re Aetna UCR Litig.*, No. 07-3541, 2015 U.S. Dist. LEXIS 84600, at *28 (D.N.J. June 30, 2015). In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss. *See id.* at *28-29; *Strategic Envtl. Partners, LLC v. Bucco*, No. 13-5032, 2014 U.S. Dist. LEXIS 106170, at *2 (D.N.J. Aug. 1, 2014) (preserving futility argument for anticipated motions to dismiss); *Diversified Indus., Inc. v. Vinyl Trends, Inc.*, No. 13-6194, 2014 U.S. Dist. LEXIS 61131, at *1 n.1 (D.N.J. May 1, 2014) (finding, "in the interest of judicial economy and in the absence of prejudice," that the amended counter-claim should be treated as the operative pleading for the purposes of a motion to dismiss despite the fact that the Court had not yet granted leave to amend).

Turning now to Defendants remaining arguments, the Court finds no basis to deny Plaintiff's motion to amend. Defendants' claim that Plaintiff unduly delayed in amending his Complaint to contain the allegations related to the phrase "arab shit." Specifically, they claim that Plaintiff filed his motion to amend after the May 31, 2016 deadline provided by the December 22,

4

2015 Scheduling Order [Docket Entry No. 10.]. This argument is flawed for several reasons. First, the December 22, 2015 Scheduling Order provided Plaintiff until April 1, 2016—not May 31, 2016—to seek leave to amend. Second, and more importantly, that order was superseded by the Court's September 9, 2016 Revised Scheduling Order [Docket Entry No. 26] which provides that: "On or before **September 9, 2016**, Plaintiff shall file the Amended Complaint if Defendants consent to the filing of it or, if the Defendants do not consent to the filing of the proposed Amended Complaint, the Plaintiff shall file a motion seeking leave to amend the Complaint returnable on **October 3, 2016**."[1] As Plaintiff's motion to amend was filed on September 9, 2016, this argument is without merit.

Moreover, Defendants do no argue, nor does the Court find any prejudice in allowing Plaintiff to amend his Complaint. The parties are currently engaged in written discovery and depositions have not yet commenced. Defendants concede that even if the motion to amend were denied, they would be unable to "prevent Plaintiff from being able to claim during the course of this lawsuit that Ms. Clarke allegedly said [the phrase "arab shit"]". Accordingly, the Court does not find any prejudice to Defendants' if Plaintiff is permitted to amend his Complaint at this time.

Accordingly, Plaintiff's motion for leave to amend the Complaint is **GRANTED**.

---

[1] This order was submitted to the Court by way of a joint letter of the parties noting Defendants' consent to the proposed Revised Scheduling Order. [Docket Entry No. 25].

## IV.   CONCLUSION

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 28th day of March, 2017,

**ORDERED** that Plaintiff's Motion for Leave to File a First Amended Complaint is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file the proposed First Amended Complaint within **fourteen (14) days** of this Order; and it is further

**ORDERED** that all of the Defendants shall file a response to the First Amended Complaint **within fourteen (14) days** of the filing of the new Complaint; and it is further

**ORDERED** that the Clerk of the Court terminate the aforementioned motion [Docket Entry No. 27].

s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**